FILED
3/28/2022 10:24 AM
Delia Sellers
District Clerk
Liberty County - 75th District Court
Liberty County, TX
Lisa Bueltmann

CAUSE NO. 22DC-CV-00390

| | | |
|---|---|---|
| STACEY PIKE HERRINGTON | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | LIBERTY COUNTY, TEXAS |
| FEDERAL INSURANCE COMPANY | § § | 75th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**COMES NOW** STACEY PIKE HERRINGTON, herein called "Plaintiff", and files this Petition against FEDERAL INSURANCE COMPANY, herein called "Defendant", and shows the Court as follows:

### I. Discovery Plan

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### II. Parties and Service

2. Plaintiff, STACEY HERRINGTON is an in individual residing in Liberty County. Service of any process may be served on her attorney Zeb Zbranek, 1937 Trinity Street, Liberty, Texas 77575.

3. Defendant, FEDERAL INSURANCE COMPANY, is an insurance company doing business in the state of Texas who my be served with citation by serving their registered agent, CT CORPORATION SYSTEM, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

### III. Venue

4. Venue of this action is proper in Liberty County, Texas because the benefits at issue were issued and delivered in Liberty County, Texas, and because all or part of the events made the basis of this lawsuit have giving rise to Plaintiff's claims and causes of action have occurred in Liberty County, Texas.

### IV. Statutory Authority

5. This suit is brought, in part, under the authority of TEX. INS. CODE §541.001, §542.001 *et seq,* the Texas Deceptive Trade Practices Act and the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.001-37.011.

### V. Notice: Conditions Precedent

6. Defendant was given notice in writing of the claims made in this Petition, including a statement of Plaintiff's specific complaints, the amount of actual damages sustained and the amount of attorney's fees and expenses incurred in the manner and form required by TEX. INS. CODE §541.001, §542.001 *et seq,* and the Texas Deceptive Trade Practices Act.

7. All conditions precedent to recovery by Plaintiff herein have been performed, have occurred, or have been excused.

### VI. Facts Of Case

8. Plaintiff's, deceased husband, Timothy Todd Herrington, owned a Chase Sapphire Preferred Credit Card, which included Travel Accident Insurance coverage in which Defendant is the underwriter. At all times material to this action, the insurance benefits were in full force and effect.

9. On December 17, 2021, Plaintiff and her husband ("The Herringtons") departed Houston, Texas on United Airlines Flight 707 en route to San Jose del Cabo. The Herringtons' entire vacation was charged on their Chase Sapphire Preferred credit cards. On December 20, 2021, the Herringtons purchased a snorkeling excursion with PezGato on Mr. Herrington's Chase Sapphire Preferred credit card.

10. On December 21, 2021, while on the snorkeling excursion through PezGato, Mr. Herrington began to drown while attempting to board and was pulled out of the water on to the PezGato where emergency lifesaving procedures were attempted, but where not able to save his

life. As a result of his drowning, he died of cardiorespiratory arrest, broncoaspiration and post-immersion syndrome.

11. On December 27, 2021, Plaintiff contacted Defendant to report the death of Mr. Herrington and make a claim. Plaintiff was transferred to a department responsible for this type of claim and after giving a statement was informed that this accident was not covered under the insurance benefits because the accident did not occur on a common carrier. The Chase Sapphire Preferred credit card <u>Guide to Benefits</u>, page 23, states the following:

> What Losses are Covered Under the Common Carrier Travel Accident Benefit?
>
> Common Carrier Travel Accident Insurance provides coverage for a ***broad range*** of Losses . . . that occur while riding as a passenger in, entering, or exiting ***any*** Common Carrier. Coverage also extends to cover You while 1) You are riding as a passenger, entering, or exiting any Conveyance licensed to carry the public for hire . . ..
>
> A Common Carrier is ***any*** motorized land, water, or air Conveyance operated by an organization, structured and licensed for the transportation of passengers for hire and operated by an employee of such organization or an individual under contract.[Emphasis added]

12. PezGato is a common carrier as defined in the Chase Sapphire Preferred Credit card benefits policy under Travel Accident Insurance. Mr. Herrington's drowning accident, which was the cause of his death, occurred while on a common carrier on a vacation that was charged on their Chase Sapphire Preferred Credit Card–thus a covered event.

### VII. Causes Of Action

The facts stated in the preceding paragraphs give rise to the following causes of action:

**A. Breach Of Contract**

13. The benefits provide by Defendant by virtue of Plaintiff and her deceased husband's use of their Chase Sapphire Preferred Credit card is a contract binding Defendant to pay the proceeds stated therein upon the occurrence of a covered event. The death of Plaintiff's husband drowning

while in the process of boarding the PezGato was the result of a covered peril, and the benefits claimed by Plaintiff are the benefits covered in and payable under the benefits.

14. Defendant breached the insurance contract at issue by denying and refusing to pay Plaintiff's claim. Defendant's breach has resulted in damages to Plaintiff for which she sues. The conduct of Defendant constitutes a breach of the contract of insurance between Plaintiff and Defendant.

### B. Breach Of The Duty Of Good Faith And Fair Dealing

15. From and after the time the Plaintiff's claim was presented to the Defendant, the Defendant's liability to pay the claim in accordance with the terms of insurance benefits referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment for Plaintiff's claim, the Defendant refused to accept the claim and pay the Plaintiff as the benefits required. At that time, the Defendant knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear.

16. Defendant failed to conduct a reasonable and proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. Through the actions described above, Defendant breached its duty to deal fairly and in good faith with the Plaintiff.

17. Defendant's breach was a proximate cause of the losses, expenses and damages suffered by the Plaintiff for which she sues.

### C. Texas Insurance Code Chapter 542, Delay In Payment

18. Plaintiff gave prompt notice of her claim to Defendant. Furthermore, Defendant failed to comply with the requirements of Chapter 542 by:

(a)   Failing to acknowledge receipt of Plaintiff's claim within 15 days of receiving notice of the claim;

(b)   Failing to commence an investigation of the claim within 15 days after receiving notice of the claim; and/or

(c)   Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from Plaintiff to pay the claim within 15 days after receiving notice of the claim.

19.   Plaintiff complied as she was instructed to make a statement requested by Defendant. Despite doing any investigation, Defendant denied Plaintiff's claim. Defendant has thus further failed to comply with Chapter 542 in one or more of the following manners:

(a)   Failing to notify Plaintiff in writing, within 15 business days after receiving her statement, the need for any forms required by the insurer necessary to show proof of loss, or the acceptance or rejection of a claim; and/or

(b)   Failing to pay Plaintiff's claim within 60 days of receiving all of the items, statements, and forms required by the insurer to show final proof of loss, of the acceptance or rejection of a claim.

20.   Pursuant to *Texas Insurance Code* Chapter 542, Subchapter B, Plaintiff is entitled to recover from Defendant the statutory penalty of 18% per annum on all amounts due on Plaintiff's claim, together with attorney's fees, for which she sues.

**D. Negligent Misrepresentation**

21.   The Defendant represented through delivery of benefits with the Chase Sapphire Credit card that it provided to Plaintiff, that Plaintiff's husband had travel accident insurance. When Plaintiff first notified Defendant of the accident, she was informed that the accident was not

covered because she and her husband were not on a common carrier. In fact the vessel they were on is defined under the benefits as a common carrier. This conduct is actionable, in part under DTPA § 17.46(b)(5), (7), (12) and (24).

### E. Declaratory Judgment

22. This cause is brought pursuant to the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.001-37.011. Plaintiff seeks a declaratory judgment that Plaintiff is entitled to recovery from the Defendant for a covered event under the Chase Sapphire Credit card.

### F. Violation Of The DTPA

23. Plaintiff is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, Defendant has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of Plaintiff's damages:

(a) Defendant made false representations about Plaintiffs' rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b) Defendant's actions constitute an unconscionable course of conduct entitling Plaintiff to relief under §17.50(a)(3), Texas Business & Commerce Code; and/or

(c) As described above, Defendant violated Chapter 541, *Texas Insurance Code*, entitling Plaintiff to relief under §17.50(a)(4), Texas Business & Commerce Code.

24. Defendant's conduct as described herein was a producing cause of damages to Plaintiff for which she sues.

## VIII. DAMAGES

25. Defendant's acts and omissions as particularly described above have been producing and/or proximate causes of damages to Plaintiff. Plaintiff has suffered economic damages, including but not limited to unpaid policy benefits payable for the accidental death of her husband while boarding a common carrier in the amount of $500,000.

26. Further, Plaintiff has suffered actual damages, including mental anguish.

## IX. ADDITIONAL DAMAGES AND PENALTIES

27. Defendant's conduct in violation of *Texas Insurance Code* Chapter 541 and the DTPA was committed knowingly, as that term is defined by those statutes. Accordingly, Defendant is liable for additional damages under those statutes.

28. Defendant's refusal to pay the entire claim is a violation of one or more provisions of Chapter 542, Subchapter B, *Texas Insurance Code*, and as a result, Plaintiff is entitled to recover statutory penalties of 18% per annum and attorney's fees.

## X. ATTORNEY'S FEES

29. As a result of Defendant's conduct, Plaintiff has been required to obtain the services of the undersigned attorneys for the filing, prosecution, and trial of this cause and therefore seeks an award of reasonable and necessary attorney's fees pursuant to *Texas Insurance Code* Chapters 541, 542 and DTPA §17.50. Plaintiff gave Defendant 30 days notice of its claim. Accordingly, Plaintiff is entitled to recovery of attorney's fees pursuant to Chapter 38, *Texas Civil Practice & Remedies Code*.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that upon final trial hereof, Plaintiff recover from Defendant, all of her actual economic damages, statutory additional damages, attorney's fees, prejudgment

and post-judgment interest as allowed by law, costs of court, and such other and further relief to which she may show herself justly entitled.

                                        Respectfully submitted,

                                        ZBRANEK FIRM, P. C.
                                        P. O. Box 2050
                                        1937 Trinity Street
                                        Liberty, Texas 77575
                                        Telephone:   (936) 336-6454
                                        Facsimile:    (936) 336-6039
                                        Email:         admin@zbranekfirm.com

                                        /zdz/
                                        Zeb D. Zbranek
                                        State Bar No. 22253200
                                        Attorney for Plaintiff